UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOSHUA GERMAINE COOPERYOUNG                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:12-cv-39-FKB

SGT. REGINALD COOPER, et al.                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment filed by Defendants.

Docket No. 43.  Having considered the motion and memorandum in support, as well as the

record in this matter, the Court concludes that the Motion is well-taken and should be granted.

HISTORY

Plaintiff, a state inmate, filed this Section 1983 case on January 16, 2012.[1]  Docket No. 1.

Plaintiff alleges that Defendant Cooper, a Sargent with the Byram, Mississippi, Police

Department, violated his constitutional rights by arresting him.  Specifically, Plaintiff claims that

Defendant Cooper knew that Plaintiff was the victim of a shooting on November 19, 2011, but

wrongfully arrested Plaintiff instead of his assailant.  Docket No. 1.

The undersigned held an omnibus hearing[2] on June 26, 2013, at which time all parties

consented to the undersigned conducting all proceedings in this case in accordance with 28

---

[1]A *pro se* prisoner's complaint is considered filed when delivered to prison authorities for
mailing.  *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Causey v. Cain*, 450 F.3d 601, 604 (5th
Cir. 2006).

[2]The Court held what is known as an omnibus or "Spears Hearing" to insure Plaintiff had
every opportunity to fully explain his claim against Defendants.  *Spears v. McCotter*, 766 F.2d
179 (5th Cir. 1985)(*overruled on other grounds*, *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

U.S.C. § 636 (c)(1).  Docket No. 37.  At the omnibus hearing, Plaintiff testified that on

November 19, 2011, he and his girlfriend were walking home from the store when he saw

someone he knew, Corey Knight, in a vehicle at a stop sign.  *Omnibus Hearing Transcript*,

Docket No. 43-4 at 8.  Plaintiff told his girlfriend to wait while he approached the vehicle

because he thought he heard someone call his name.  *Id.*  As Plaintiff approached the car, he

realized that Corey Knight was pointing a gun.  *Id.*  Plaintiff turned to run and Knight fired

twice, striking Plaintiff once.  *Id.*  A witness called the police, and Plaintiff waited for them to

arrive.  *Id.*  Plaintiff testified that he gave statements to a Byram police officer named Whitney

and Defendant Cooper at the scene, before leaving by ambulance.  *Id.* at 9.

According to Plaintiff, on the Monday following the Saturday evening shooting, he saw

Knight driving by his house.  Concerned that Knight had not been arrested for shooting him,

Plaintiff called the Byram Police Department and eventually reached Defendant Cooper.  *Id.* at

10.  Plaintiff testified that he wanted to go to the station to talk to Defendant Cooper and agreed

to allow Defendant Cooper to send a squad car to pick him up, since he did not have a ride to the

police station.  *Id.*  Plaintiff and his girlfriend traveled by squad car to the police station where

Plaintiff was ultimately arrested for two counts of aggravated assault, being a convicted felon in

possession of a firearm and failure to register as a sex offender.  *Id.* at 11.  Plaintiff was then

placed in the back of a squad car and became so distraught that he lost consciousness.  *Id.*

Plaintiff awoke with two gashes on his forehead and missing a front tooth.  *Id.*

Apparently unbeknownst to Plaintiff, Knight and several other witnesses had visited the

Byram Police Department before Plaintiff arrived there on Monday, to report that Plaintiff was

actually the aggressor in the Saturday evening altercation.  Docket No. 43-1 at 1.  According to

the affidavit submitted by Defendant Cooper in support of the motion for summary judgment, Corey Knight and several other witnesses came to the Byram Police Department on November 20, 2011.  Docket No. 42-1 at 3.  Knight reported that Plaintiff approached Knight's vehicle on November 19, 2011, and fired a shot through Knight's back glass.  *Id.*  Knight indicated that he then returned fire.  Knight also reported that Plaintiff had been harassing him and had threatened to kill Knight.  Knight's mother told detectives with the Byram Police Department that Plaintiff had come to her home just prior to the shooting, was armed and threatened to kill everyone in her home if Knight did not return by midnight.  *Id.*  According to the affidavit submitted by Defendant Cooper, he had no reason to believe that Knight, his girlfriend or his mother was lying, and he concluded that Knight was defending himself against Plaintiff when he shot Plaintiff.

Documents submitted by Defendants in support of their motion for summary judgment reflect that warrants for Plaintiff's arrest were issued on November 21, 2011, by the Byram Municipal Court, for two counts of aggravated assault and for possession of a weapon by a felon, all stemming from the November 19, 2011 incident.  Docket No. 43-1 at 9-11.  Plaintiff was subsequently indicted by a grand jury in Hinds County, Mississippi, on two counts of aggravated assault, possession of a weapon by a felon and failure to register as a sex offender.  Docket No. 43-2 at 2.

Plaintiff  brought this suit because he contends that Defendant Cooper knew that the witnesses Cooper claimed to have interviewed after the shooting, who allegedly said that Plaintiff shot first, were not telling the truth.  Plaintiff bases his allegation on the fact that he did not have a weapon when interviewed by the police at the scene.  Docket No. 43-4 at 5-6.

Because the aforementioned criminal charges were pending when Plaintiff filed this suit, the Court granted Defendant's motion to stay pending resolution of the charges.[3]  Docket Nos. 20-21.  Defendant subsequently notified the Court of the final disposition of the charges and moved to lift the stay.  Docket Nos. 22-23.  Orders entered by the Circuit Court of Hinds County, Mississippi, dated January 30, 2013, reflect that Plaintiff pleaded guilty before that court to two charges--Failure to Register as a Sex Offender and Convicted Felon with Gun.  Docket No. 43-3 at 1, 3.  Following the omnibus hearing in this matter, both Defendant Cooper and Defendant Thompson moved for summary judgment.[4]

THE CURRENT MOTION

A.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment."  *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir.1987).  "[T]he requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)(emphasis in original).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*

---

[3]At the time the motion was filed, only Defendant Cooper was a party defendant.  The Court allowed Plaintiff to add Byram Police Chief Luke Thompson as a defendant at the omnibus hearing.

[4]Plaintiff testified at the omnibus hearing that he only wanted to add the Byram Police Chief to this suit in his official capacity so that he would have a claim against the police department.  Docket No. 43-4 at 17.

Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting *Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc.*, 695 F.2d 839, 845 (5th Cir.1983)).

B.      *HECK* BAR

Defendants have moved for summary judgment on the basis that Plaintiff's claims are barred by the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994).

> In Heck v. Humphrey, ... the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...." .... The Heck rule was formulated in deference to the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."

*Walter v. Horseshoe Entertainment*, 483 Fed. Appx. 884, 886-87 (5th Cir. 2012).

An unlawful arrest claim such as Plaintiff's in this suit requires proof that there was no probable cause for the arrest. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 480-81 (5th Cir. 1999). If this Court were to determine that there was no probable cause for Plaintiff's arrest, the validity of his conviction on Convicted Felon with a Gun would necessarily be in question. Plaintiff was arrested for being a felon in possession of a weapon, was indicted on that charge and pled guilty to that charge. His claim for false arrest is therefore *Heck* barred. The Court cannot carve out any claims for damages as to which Plaintiff might proceed without calling into

question his conviction and Plaintiff has not proven that his conviction has been reversed, expunged, declared invalid or the subject of an issued writ of habeas corpus.  Accordingly, his claims are barred.

CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment is granted and the Complaint is hereby dismissed.

SO ORDERED AND ADJUDGED, this the 21st day of November, 2013.


/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE